UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANGELA LUPE,

**Plaintiff,**

**1:10-CV-198**
vs.                                                    **(MAD/ATB)**

ERIC K. SHINSEKI, as Secretary of the
Department of Veterans Affairs
                          **Defendant.**

_____

O'CONNELL and ARONOWITZ                 Kurt E. Brattan, Esq.
54 State Street
Albany, New York 12207-2501
*Attorneys for Plaintiff*

RICHARD S. HARTUNIAN                    William F. Larkin, Esq.
UNITED STATES ATTORNEY                  Asst. United States Attorney
218 James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207
*Attorney for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

The trial of this action is scheduled to commence on February 19, 2013.  Presently before

the Court are the parties' motions *in limine*.

### DISCUSSION

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence.  *See Luce v. U.S.*, 469 U.S. 38, 40

n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in

limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the

relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'".)  "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence."  *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008).  As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected".  *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief seriatim.

## I.     Plaintiff's Motion *in Limine*

Plaintiff seeks an order precluding defendant from introducing evidence at trial regarding her Social Security disability determination and application.  Plaintiff argues that the lack of probative value is outweighed by the substantial prejudice.  Moreover, plaintiff argues that the evidence is not in admissible form.  Plaintiff has not annexed the documents that she seeks to preclude to the motion *in limine*.  Moreover, plaintiff does not identify the documents in any manner other than to state that she seeks to preclude the "Social Security disability determination and application".  Defendant disagrees and argues that plaintiff's application, determination and evidence of "payments made thereunder" are admissible.

"An apparent contradiction arises when a plaintiff brings an ADA claim, asserting that he is not too disabled to work, but also applies for SSDI benefits, stating that he is too disabled to work."  *E.E.O.C. v. Burlington Northern & Santa Fe Ry. Co.*, 621 F.Supp.2d 587, 598

2

(W.D.Tenn. 2009). The Supreme Court addressed the effect of receipt of SSDI benefits on an

ADA claim in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999) and held that "pursuit,

and receipt, of SSDI benefits does not automatically estop the recipient from pursuing an ADA

claim":

> Nonetheless, an ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work. To survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could "perform the essential functions" of her previous job, at least with "reasonable accommodation."

*Id*. at 797–98.

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" or her job, with or without "reasonable accommodation."

*Id*. at 807.

An employee's application for or receipt of Social Security disability benefits does not

necessarily bar an individual with a disability from claiming, in an action under the ADA, that she

can perform the essential functions of the job. *Pender v. Dist. Council 37 of Am. Fed. of State,*

*County and Mun. Emp.,* 223 F.Supp.2d 534, 543 (S.D.N.Y. 2002) (citing *Cleveland*, 526 U.S. at

805-07). "[T]he plaintiff must offer some explanation for the inconsistency. The explanation

must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the

plaintiff's good faith belief in [the statement to the Social Security Administration], the plaintiff

could nonetheless 'perform the essential functions' of her job, with or without 'reasonable

accommodation.'" *Id*. (citing *DiSanto v. McGraw-Hill, Inc*., 220 F.3d 61, 64 (2d Cir. 2000)

(internal quotations omitted)).  Absent a sufficient explanation, an ADA plaintiff's sworn

assertion in an application for disability benefits will negate an essential element of the plaintiff's

ADA claim. *E.E.O.C.*, 621 F.Supp.2d at 598.

        In the prior Memorandum-Decision and Order, this Court discussed the differences

between the Social Security Act and the ADA:

> Under the Social Security Act, a claimant is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Mitchell v. Washingtonville Cent. Sch. Dist*., 992 F.Supp. 395, 405 -406 (S.D.N.Y. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). "Unlike the ADA, the Social Security Act does not address the effect of reasonable accommodation on the individual's claim." *Id*.

The Court also addressed *Cleveland* and concluded:

> "[T]he Supreme Court has held that the pursuit and receipt of Social Security disability benefits, without more, neither estops the recipient from pursuing an ADA claim nor creates any special presumption against the recipient showing, for purposes of an ADA action, that with reasonable accommodation he or she could perform the essential functions of the job." *Mitchell v. Washingtonville Cent. Sch. Dist*., 190 F.3d 1, 6 -7 (2d Cir. 1999) (citing *Cleveland v. Policy Mgmt. Sys. Corp*., 526 U.S. 795 (1999)); *see also Bohen*, 2009 WL 791356, at \*9 (citation omitted) (the receipt of Worker's Compensation Benefits and Social Security Disability Benefits "does not automatically bar a claim [. . . ]").  However, "[a] plaintiff who is receiving disability benefits must proffer a 'sufficient explanation' for why she asserted total disability in the agency proceeding while maintaining that she was a 'qualified individual with a disability' in the ADA action." *Bohen,* 2009 WL 791356, at \*9.  "To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror to conclude that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless perform the essential functions of her job, with or without reasonable accommodation." *Id*. (citing *Nodelman v. Gruner & Jahr USA Pub*., 2000 WL 502858, at \*8 (S.D.N.Y. 2000) (internal citations omitted)).

Here, a central issue in this case is whether plaintiff could perform the essential functions of her job. Therefore, the probative value of plaintiff's application outweighs its potentially prejudicial effects. *See Hubbard v. Detroit Pub. Sch.*, 372 F. App'x 631, 635 (6th Cir. 2010) (the evidence may weaken her case but does not make it impermissibly prejudicial, much less require its exclusion). Here, a jury should determine whether plaintiff's statement to the SSA claiming total disability should preclude the instant ADA claims. *See Felix v. New York City Transit Auth.*, 154 F.Supp.2d 640, 652 (S.D.N.Y. 2001); *see also Bever v. Titan Wheel Int'l, Inc.*, 6 F. App'x 401, 407 (7th Cir. 2001) (the disability benefit applications to SSA were admissible but plaintiff was required to explain why the application was not inconsistent with the ADA claim).

Defendant argues that plaintiff has not "offered the required 'sufficient explanation' of the inconsistent positions taken in her claim for disability benefits and her ADA lawsuit" and as a result, she is now estopped from claiming that she was capable of performing the essential functions of her position as of June 3, 2009 to the present.[1]  Defendant's cross motion is an improper and untimely attempt to re-argue issues previously addressed and resolved on the motion for summary judgment. Plaintiff is not judicially estopped from claiming that she was qualified for her position, despite her representations to the SSA. *See Nodelman v. Gruner & Jahr USA Pub.*, 2000 WL 502858, at *8 (S.D.N.Y. 2000); *see also  Disanto v. McGraw-Hill, Inc.*, 1998 WL 474136, at *4-5 (S.D.N.Y. 1998) (citations omitted) (whether a plaintiff's statements to SSA are inconsistent with plaintiff's claim that he can work with reasonable accommodation is an issue of fact for the jury to resolve). "The application for disability benefits would, however, constitute relevant evidence in evaluation an ADA claim". *Disanto*,1998 WL 474136, at *4-5

---

[1] Defendant asserts this argument in a "cross motion" filed on February 11, 2013.  (Dkt. No. 59).

(citations omitted).  Plaintiff is not barred from pursuing her ADA claim, however, the SSA

application is relevant evidence at trial.  *Id*.

The Court has reviewed the caselaw cited by plaintiff and finds the holdings inapplicable

and unpersuasive.  Those decisions involved motions by the defense to preclude the plaintiff from

introducing the SSA disability determinations as evidence that the plaintiff was found to be

disabled by the SSA.  *See Rafferty v. Erhard*, 2012 WL 3518565, at \*2 (W.D.N.Y.,2012); *Chavez*

*v. Waterford Sch. Dist*., 2011 WL 887784, at \*3 (E.D. Mich. 2011) (the Court held that the long

term disability applications were admissible but that the plaintiff could not introduce evidence of

the disability determination to establish that she was a qualified individual with a disability who

cannot perform the essential functions of the employment position that she held); *Morse v.*

*Jimenez,* 2004 WL 1211958, at \*1 (E.D.Pa. 2004) (the plaintiff withdrew claims relating to his

client's mental health and thus, the Court would not permit evidence regarding the plaintiff's

Social Security application and benefits as they were irrelevant to the proceeding).

Accordingly, plaintiff's objection to the evidence based upon Rule 403 is denied.

However, the Court cannot conclude it's inquire there.  In addition to Rule 403, plaintiff has

objected to the admissibility of this evidence based upon hearsay.   Plaintiff claims that she did

not execute any document regarding her ability to work.  This Court briefly addressed this issue

in the prior Memorandum-Decision and Order:

> In this matter, plaintiff does not dispute that she received social
> security benefits but claims that while the SSA determined that she
> was "disabled as of June 1, 2009", she never made any statement to
> the SSA regarding her ability to perform her job at VISN2.  Plaintiff
> claims that the document, upon which defendant relies, was prepared
> by the SSA and that it is not her own sworn statement.  The Court has
> reviewed the document and the other documents relating to plaintiff's
> social security benefits and finds that the record does not contain any
> sworn statement from plaintiff, document executed by plaintiff or any
> administrative hearing transcripts.  There is no evidence establishing

6

that plaintiff claimed or represented to SSA that she was totally disabled as of June 1, 2009 and unable to perform her job at VISN2 without reasonable accommodations. *See Marvello v. Chemical Bank*, 923 F.Supp. 487, 491 (S.D.N.Y. 1996) (the Court has no evidence as to what statement the plaintiff might have made to the Social Security Administration about his condition).  Without any such admissions, the Court cannot conclude as a matter of law that plaintiff was unable to perform the essential functions of her job at VISN2 solely because she pursed social security benefits.  *See Fussell v. Georgia Ports Auth.*, 906 F.Supp. 1561, 1575–76 (S.D.Ga.1995) (while "there is every reasonable inference" that plaintiff swore to being totally disabled "given the working framework of the SSI program," since there was no direct evidence in the record that plaintiff swore to disability, summary judgment denied); *see also Mohamed v. Marriott Int'l, Inc*., 944 F.Supp. 277, 283 (S.D.N.Y. 1996) ("[i]n light of th[e] differing legal standards, [the plaintiff's] assertion of inability to work for SSDI purposes is not necessarily inconsistent with his claim of being capable of performing the essential functions of the job from which he was discharged"); *cf. DeRosa v. Nat'l Envelope Corp*., 595 F.3d 99, 105 (2d Cir. 2010) (the record is clear that the plaintiff  had physical limitations, and that he felt he needed to work from home and therefore, "it is hardly surprising that he said on the disability application forms that he was disabled or unable to grab, reach, or commute").

In the *Hubbard* case, the district court permitted the defendant to introduce the plaintiff's benefits application because the plaintiff stated on that application that she was "unable to work". On appeal, the Court held that district court permissibly treated that sworn statement as a party admission.  *Hubbard*, 372 F. App'x at 635.  Here, assuming defendant can establish a sufficient foundation, the SSA application or other SSA record may be admissible as an admission of a party opponent.  Fed.R.Evid. 801(d)(2); *see Rooney v. Sprague Energy Corp*., 519 F.Supp.2d 110, 119 (D. Me. 2007) (the function report is the plaintiff's own detailed description of what he can and cannot do physically).  However, if defendant cannot show that plaintiff made statements to the SSA that were clearly inconsistent with her position in this case, the evidence will not be admissible. *See Schneider v. Landvest Corp*., 2006 WL 322590, 33 (D.Colo. 2006) ("[t]here is no evidence in the record as to what representations [the plaintiff] actually made to the SSA, and/or

whether she was properly working as part of a trial work period that would have been proper in connection with her Social Security Disability benefits"). Accordingly, defendant will be permitted to introduce evidence regarding plaintiff's social security application, subject to hearsay objections. In opposition to plaintiff's motion *in limine*, defendant details how computer generated forms were prepared based upon "information provided by plaintiff" that "summarized plaintiff's application". *See* Dkt. No. 59, at p. 2 - 4. Defendant annexed several SSA documents claiming that, "there is no doubt that plaintiff signed her Social Security Disability Benefit application under penalty of perjury". At this juncture, outside the context of trial, the Court takes no position on the admissibility of any documents annexed to defendant's submission. Defendant is cautioned that such evidence must be in proper admissible form and authenticated and that counsel's assertions regarding the social security application process will not suffice at the time of trial. Plaintiff is not precluded from making hearsay objections at the appropriate time during trial.

## II.     **Defendant's Motions** *in Limine*

On February 11, 2013, defendant filed a motion *in limine* seeking to preclude testimony from witnesses not listed on plaintiff's initial disclosures and to preclude the testimony of certain witnesses who were not properly identified as treating physicians. (Dkt. No. 58). On November 2, 2012, this Court issued a Jury Trial Notice. (Dkt. No. 33). The Order provides:

> (J) MOTIONS IN LIMINE: Two weeks before the trial date, counsel shall electronically file and serve any motions in limine, citing the applicable rules of evidence and case law. Counsel shall file any response to a motion in limine no later than one week before the trial date. Dates for such filings are provided on page 1 of this notice. MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT. Note: Motions to preclude expert testimony must be filed on or before the dispositive motion filing deadline (see paragraph 6(A)(5)).

According to the Order, motions *in limine* were due on February 5, 2013 and responses thereto on February 11, 2013. Defendant did not seek leave of court to file the motion on February 11, 2013. Moreover, defendant provided no explanation for the delay in filing. Accordingly, defendant's motion *in limine* is denied as untimely. However, defendant will be permitted to raise any objection to witnesses or testimony at the time of trial. This court's order does not preclude defendant from asserting the arguments herein at the time of trial.

**CONCLUSION**

**It is hereby**

**ORDERED** that plaintiff's motion *in limine* (Dkt. No. 47) is denied with leave to renew based upon hearsay objections as discussed above; it is further

**ORDERED** that defendant's cross motion in limine (Dkt. No. 59) is denied; it is further

**ORDERED** that defendant's motion *in limine* (Dkt. No. 58) is denied.

**IT IS SO ORDERED.**

Dated: February 14, 2013
        Albany, New York

Mae A. D'Agostino
U.S. District Judge